IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STACI L. RAGSDALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No: _____ |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

This is an action brought by Plaintiff, Staci L. Ragsdale (hereinafter "Plaintiff"), for actual and statutory damages, attorneys' fees, and costs for Defendant, Wells Fargo Bank, N.A.'s (hereinafter "Defendant"), violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, ("FCRA"). Plaintiff also seeks compensatory and punitive damages for Defendant's violations of Alabama state law set forth herein.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. §§ 1331 and 1332.

2. Plaintiff also invokes the supplemental jurisdiction of this Court for state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

3. Venue is proper in that Defendant transacts business in Shelby County, Alabama, and Plaintiff resides in Shelby County, Alabama.

## PARTIES

4. Plaintiff is a resident and citizen of the State of Alabama, and is over the age of twenty-one (21) years. Plaintiff is a resident of Helena in Shelby County, Alabama.

5. Defendant is a corporate entity that was, at all times relevant herein, conducting business in Shelby County, Alabama. Defendant was the servicer and/or holder of Plaintiff's home loan.

## FACTUAL ALLEGATIONS

6. Plaintiff was the mortgagor of real property located in Shelby County, Alabama known as 219 Rivercrest Circle, Alabaster, Alabama 35007. Defendant was the mortgagee and/or servicer of the home loan associated with this property.

7. On or about November 1, 2012, Plaintiff signed a contract with Adams Homes to purchase a new home. Marie Waters of Supreme Lending pre-qualified Plaintiff based upon her income and ability to receive financing.

8. On or about February 19, 2013, Plaintiff contacted Marie Waters to check the status of her potential home purchase. Plaintiff was informed there were issues with the financing of her new home, and they could not move forward

with closing. Accordingly, Plaintiff was told her request for a home loan to purchase her new home had been denied.

9. Plaintiff was informed that Defendant reported to the national credit bureaus that Plaintiff was delinquent on monthly payments for October 2012 and November 2012.

10. Plaintiff avers that she had not missed such payments, and she timely made all monthly payments according to the home loan held by Defendant and was not delinquent.

11. On or about February 20, 2013, Plaintiff contacted Defendant to dispute the late payments that were being reported to the national credit bureaus.

12. Defendant stated its records indicated Plaintiff was not late on payments, and it had not reported the Plaintiff was delinquent to the credit agencies.

13. Plaintiff contacted the national credit bureaus. Each agency informed Plaintiff that Defendant had indeed reported the delinquencies on her credit reports.

14. On or about February 27, 2013, Supreme Lending formally denied Plaintiff a loan because of her delinquent past or present credit obligations.

15. On or about March 4, 2013, Plaintiff contacted Cindy Pace, of BanCorp, for assistance in correcting and removing the delinquencies from Plaintiff's credit report.

16. On or about March 20, 2013, Plaintiff again contacted Defendant to dispute the October 2012 and November 2012 delinquencies, and Plaintiff was instructed to fax a letter stating the problem and account number to the Defendant's dispute department. Plaintiff sent the required letter to Defendant's dispute department.

17. Defendant informed Plaintiff their investigation into the dispute would take four to six weeks, and Defendant would contact Plaintiff via mail when the investigation was complete.

18. On or about April 4, 2013, Plaintiff contacted Defendant to determine the status of the dispute she previously filed. Defendant informed Plaintiff there was no record that she filed a dispute. Defendant recommended Plaintiff send another fax with the appropriate information to open a new dispute claim. Plaintiff complied and sent a second fax on or about April 4, 2013, to Defendant's dispute department to open another dispute claim.

19. On or about April 15, 2013, Plaintiff was part of a conference call with Data Facts and Defendant. Defendant informed Data Facts that Plaintiff was not delinquent on the October 2012 and November 2012 payments, and the late payments reported on Plaintiff's account were under investigation.

20. On or about April 26, 2013, Defendant closed the investigation, stating that the error would be corrected on Plaintiff's credit reports.

21. However, Plaintiff avers that Defendant continued to represent to the national credit bureaus and other third parties that Plaintiff's home loan was a negative account and that she was in default on her loan.

22. As a result of the false reporting, Plaintiff was denied home loans to purchase her new home on multiple occasions. Ultimately, Plaintiff was forced to enter a home loan at a much higher interest rate and provide a larger down payment because of her alleged lack of credit worthiness.

## COUNT I
## FAIR CREDIT REPORTING ACT ("FCRA")

23. Plaintiff adopts and incorporates Paragraphs 1 through 22 as if fully set forth herein.

24. The acts and omissions of Defendant, alleged herein, are in violation of the FCRA, which requires Defendant to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit files and to conduct reasonable investigations of disputed information once consumers, such as Plaintiff, advise Defendant, its employees, agents and/or representatives of a dispute.

25. Plaintiff further alleges that Defendant failed to conduct reasonable investigations into Plaintiff's disputes, and it failed to retract, delete and/or suppress erroneous, false, damaging, misleading and/or inaccurate information from Plaintiff's credit file.

26. Despite Plaintiff's disputes, and in direct violation of the FCRA, Defendant failed to correct inaccurate, erroneous, and/or defamatory information on Plaintiff's credit reports.

27. Defendant negligently and/or willfully failed to comply with the requirements of the FCRA.

28. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a satisfactory investigation after receiving notice that the Plaintiff disputed the information provided to the consumer reporting agencies by Defendant.

29. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by each consumer reporting agency.

30. Defendant violated 15 U.S.C. § 1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under § 1681s-2(b)(1) within thirty (30) days.

31. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false and/or misleading results of the investigation, if any, to the consumer reporting agencies.

32. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the home loan was inaccurate, incomplete, false and/or misleading.

33. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered extreme financial losses, including but not limited to, the loss of credit opportunities, loss of credit availability, loss of credit worthiness, credit denials and other damages associated with the damaging information related to Defendant's conduct. As a further result of Defendant's conduct, Plaintiff has been caused to suffer out of pocket expenses in an effort to correct the issues surrounding her home loan and to attempt to correct the defamatory credit reporting associated with defendant's actions.

34. Additionally, Plaintiff has suffered depression, humiliation, fear embarrassment, anxiety, stress, anger physical malaise (including loss of appetite, nausea, stress, headaches, loss of sleep, loss of energy, extreme irritability and physical illness), the loss of financial independence and mental anguish.

## COUNT II
## NEGLIGENT, RECKLESS and/or WANTON CONDUCT

35. Plaintiff adopts and incorporates Paragraphs 1 through 34 as if fully set forth herein.

36. Defendant negligently, recklessly and/or wantonly failed to properly handle Plaintiff's complaints of the inaccurate credit reporting and correct any inaccurate defamatory credit reporting, as described herein, so that matters

could be resolved without undue hardship, burden and/or damages to Plaintiff.

37. Defendant negligently, recklessly and/or wantonly failed to properly investigate and resolve Plaintiff's claims regarding the alleged inaccurate delinquencies and to limit any damage caused to Plaintiff as a result.

38. Defendant negligently, recklessly and/or wantonly failed to make certain the information concerning Plaintiff that Defendant disseminated to others, including the credit bureaus and those credit grantors and businesses likely to use the information provided to those bureaus, was not false, misleading, damaging and/or did not subject Plaintiff to unwarranted, inaccurate and/or defamatory credit information.

39. As a proximate result of Defendant's negligent, reckless and/or wanton conduct, Plaintiff has suffered the damages set out in Paragraphs 33 and 34 above, which Plaintiff seeks compensatory and punitive damages.

## COUNT III
## NEGLIGENT, RECKLESS, AND/OR WANTON
## TRAINING AND/OR SUPERVISION

40. Plaintiff adopts and incorporates Paragraphs 1 through 39 as if fully set forth herein.

41. Defendant failed to train and/or supervise its employees, agents and/or representatives in the various departments, which communicated and/or

failed to communicate with Plaintiff and/or the national credit bureaus, to avoid the conduct and actions and to properly train and/or supervise its employees, agents and/or representatives to prevent the circumstances and scenarios set out in the counts above and hereafter contained in this Complaint.

42. As a proximate result of the negligent, reckless and/or wanton training and/or supervision, Plaintiff as suffered the damages set out in Paragraphs 33 and 34 above, which Plaintiff seeks compensatory and punitive damages.

## COUNT IV
## PLACED IN FALSE LIGHT

43. Plaintiff adopts and incorporates Paragraphs 1 through 42 as if fully set forth herein.

44. Defendant negligently, willfully, recklessly and/or maliciously published and communicated false and/or defamatory information about Plaintiff, her credit and/or her credit worthiness, which resulted in Plaintiff being unreasonably placed in a false light.

45. The conduct of Defendant was objectionable and highly offensive to Plaintiff and to any reasonable person in that it infers she had and/or has a serious delinquent mortgage and is not credit worthy.

46. As a proximate result of Defendant placing Plaintiff in a false light, Plaintiff has suffered the damages set out in Paragraphs 33 and 34 above, which Plaintiff seeks compensatory and punitive damages.

## COUNT V
## INVASION OF PRIVACY

47. Plaintiff adopts and incorporates Paragraphs 1 through 46 as if fully set forth herein.

48. Defendant reported false and/or derogatory credit information to various credit bureaus, constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.

49. Said invasions were intentional, willful, reckless, and/or malicious and violated Plaintiff's privacy.

50. Said communications constitute the wrongful intrusion into the Plaintiff's private matters and activities, and an intrusion into Plaintiff's solitude and seclusion.

51. As a proximate result of Defendant's invasion into Plaintiff's privacy, Plaintiff suffered the damages set out in Paragraph 33 and 34 above, for which Plaintiff seeks compensatory and punitive damages.

## COUNT VI
## DEFAMATION, LIBEL AND SLANDER

52. Plaintiff adopts and incorporates Paragraphs 1 through 51 as if fully set forth herein.

53. Defendant negligently, willfully and/or maliciously published and communicated false and defamatory statements regarding Plaintiff to the national credit providers and/or bureaus, business community and public in general. Said information was false in that it associated Plaintiff with delinquent mortgage payments which were false, inaccurate and had previously been paid by her.

54. At the time said communications were made, Defendant knew, or should have known, the falsity of the communications or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and/or maliciously communicated the falsity.

55. Said communications were oral and/or written.

56. As a proximate result of Defendant's defamatory, libelous and/or slanderous communications, Plaintiff suffered the damages set out in Paragraphs 33 and 34 above, for which Plaintiff seeks compensatory and punitive damages.

## **AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant as follows:

A. Declaratory judgment that Defendant violated FCRA;

B. Compensatory and punitive damages from Defendant for its violations of FCRA;

C. Actual and/or statutory damages from Defendant pursuant to FCRA;

D. Costs and reasonable attorneys' fees from Defendant pursuant to FCRA;

E. Compensatory and punitive damages, costs and attorney's fees against Defendant for the Plaintiff's state law claims in an amount to be determined by a jury.

F. Such other and further legal and equitable relief as this Court may deem just and proper.

Respectfully submitted before this Court,

/s/Vincent F. Saylor_____
Vincent F. Saylor (asb-7638-i65s)
Attorney for Plaintiff

OF COUNSEL:
LORANT LAW GROUP
550 Montgomery Highway, Suite 101
Vestavia, Alabama 35216
Phone: 205-208-0520
Fax: 205-208-0521
clorant@lorantlawgroup.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

**Please Serve Defendant via Certified Mail:**

Wells Fargo Bank, N.A.
c/o CSC LAWYERS INCORPORATING SRV INC.
150 S. Perry St.
Montgomery, AL 36104